## Nicola Cardella et al., Defendants in Error, v. Tony Perille, Plaintiff in Error.

## Gen. No. 14,431.

Agency—*when evidence establishes.* *Held*, that the evidence in this case showed, as a matter of law, that the real estate broker involved in the transaction in question, was not the agent of the prospective purchaser.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. John C. Scovel, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed April 12, 1909.

Bolen & Stewart, for plaintiff in error.

Cannon & Poage, for defendants in error.

Mr. Justice Brown delivered the opinion of the court.

We think that this judgment must be reversed. The cause turns on a question of law, for the evidence is uncontradicted. It is briefly this:

Cardella and Montemurro, the plaintiffs, wanted to buy a particular piece of property on West Erie street, and they came to Perille, who was a real estate dealer, agent and broker, who lived and had an office on that street near by the place they wanted to buy, and asked him what he wanted for that place. There is no explanation given why Cardella and Montemurro should have supposed Perille had the property for sale or could fix the price, and as the only evidence offered by the plaintiffs was Perille's own and he spoke English imperfectly, it might be argued that there was some mistake or misapprehension in this statement.

But the burden of proving the claim of the plaintiffs rests on them, and this is the testimony that they produce and the only testimony that they produce on an essential and fundamental point in their case. For we consider that the vital question is: Was

the defendant the agent of the plaintiffs in the transaction in this case?

What was said at the beginning of the negotiation is very important in determining the answer to this question, and we must take the case as the plaintiffs have made it, and cannot guess or suspect that not what Perille testified to, but something else, was the actual conversation, and on this guess or suspicion found a case for him.

Beginning, then, with this inquiry in effect of the plaintiffs from the defendant,—"What will you take for 629 West Erie Street?"—it is plain that Perille was not the agent of plaintiffs unless the negotiations changed their complexion afterwards. Perille replied to the question, "I will let you know in a day or two." Then Perille went to the owner of 629 West Erie Street, Mr. Foster (how he knew that Foster owned it does not appear), and interviewed him.

As to what afterward occurred, there is the concurrent testimony of Perille and Foster.

Perille wanted to know Foster's lowest price and Foster said, in effect, "$2,000 net to me." That was equivalent to saying, "If you sell it you must add your commission to the $2,000," and indeed, in answer to Perille's statement that he couldn't work for nothing, those are not far from the words which Foster used. Perille went home. The two plaintiffs came to see him again and he said to them. *"I want $2,300 for the place."* Here again it would be difficult to trace the least evidence of Perille's agency for the plaintiffs. Then occurred the first words, according to the testimony, which look in any aspect like referring to an agency of Perille for the plaintiffs. His words in answer to the question,—What did he (one of the plaintiffs) say? are, "Well, he says, you try to get a little lower, and I go to Mr. Foster again and this, I ask him—My! he says,—you come again?"

But still, on direct examination Perille said, "I asked them twenty-three hundred dollars, and this *Nic Cardella asked me to try to come down a little bit.*

Then I go to George Foster and he ask me what is the price and he ask me everything.'' The two statements taken together and in connection with the preceding conversation, would seem to indicate that the plaintiffs were begging Perille for a lower price— not employing him to secure one. Then Perille took Cardella to Foster. Foster wrote on a card at that time or before, it is hard from the testimony to say which, ''Will take two thousand dollars ($2,000) cash for 629 West Erie Street. George Foster,''—by which, however, he says he meant that $2,000 net must come to him. He gave this card to Perille. Afterward, at Perille's request, he modified these terms and amount and wrote on the reverse of the card, ''Will take twelve hundred dollars cash, one thousand dollars first mortgage.'' Foster says he changed the card at Perille's request and that the purpose may have been to cover the commission.

There is further testimony of Perille that when Cardella interviewed Foster, through Perille's mediation, Foster told Cardella that the price was $2,200, and that Cardella said he and his partner had but about $700 or $800 in cash, and Foster told him to try to make the cash $1,200 and the mortgage but a thousand. As the result of the whole matter, the two plaintiffs paid Perille $200 as a deposit on the sale, for which he gave them a receipt and Mr. Foster executed a deed to them afterward, in which the consideration was named as $2,000, and for which he received from the plaintiffs one thousand dollars in cash (paid by them in addition to the $200 they had paid Perille) and a trust deed mortgage on the property for one thousand dollars. Foster was satisfied, but the plaintiffs became dissatisfied with what had been done by Perille and brought suit against him for the $200 as money ''wrongfully taken from them by misrepresentation with reference to a real estate transaction.''

The court below said: ''In this matter I hold that Perille, the defendant, was the agent for the plaintiffs

in the transaction. Therefore it necessarily follows that the plaintiffs are entitled to recover this $200 which the defendant received from them.''

The conclusion follows the holding properly enough, but we cannot agree with the trial judge that the evidence shows that the defendant was the plaintiffs' agent, and consequently we think it necessarily follows that plaintiffs are not entitled to recover the $200, but that it must be considered as a portion of the purchase money, which the owner allowed Perille, as *his* agent, to retain, as compensation for making the sale.

We do not think the cases cited by the plaintiffs are in point, because they relate to the rights of a principal against an agent and the correlative duties. Those duties and rights are not involved here.

The defendants in error cite Kice v. Porter, 53 S. W. Rep. 258 (not officially reported), to the position that even if Perille was not the agent of the plaintiffs, yet if he told a falsehood about what Foster would take, he is liable.

There is *obiter dictum* in Kice v. Porter (in which a judgment much like the present was reversed), to the effect that in certain contingencies (assuming falsehood on the part of the real estate dealer) the difference between the amount actually received by him and a reasonable and customary commission might be recovered by the vendee, even when the dealer was not vendee's agent; but the proposition is a very doubtful one at best. We think that the language of Tuck v. Downing, 76 Ill. 71, is the more applicable.

The falsehood, if the evidence can be said to establish one (and there is an answer of Perille, in which he says, ''I told them (the plaintiffs) the man that has got the place, I told them the best he do for you is twenty-two hundred dollars''), ''was not a fraud in legal contemplation, there being no relation of trust or confidence between these parties creating a duty resting on appellant to state the truth. It might be morally wrong, but the law cannot lay hold of it.''

We are forced to the conclusion that the judgment of the Municipal Court should be reversed and, as the case was tried by the court below without a jury, a judgment of *nil capiat* and for costs in both courts entered here against the defendants in error, and this order is accordingly made.

*Reversed and judgment here.*